BOYD *v.* McARTHUR *et al.*

As against a general demurrer, the petition set forth a cause of action.

Submitted July 14,— Decided August 12, 1904.

Action for damages. Before Judge Reid. City court of Atlanta. October 21, 1903.

The petition of L. J. Boyd against W. R. McArthur and McArthur & Sons Company alleged, in substance: On June 30, 1903, the plaintiff contracted with the defendant company, through W. R. McArthur, its agent and vice-president, for the purchase of a certain piano. The purchase-price was $250, and the plaintiff gave McArthur a promissory note, due in six months and payable to the defendant company, for $100 of this amount, and agreed that on July 2, 1903, he would pay the remainder, $150, either in cash or "by a draft." The defendants immediately delivered the piano at his residence. On the morning of July 2, 1903, he tendered to W. R. McArthur, in satisfaction of the cash payment, a "draft or due-bill" of the defendant company, duly indorsed, of which the following is a copy: "$156.80. December 31, 1902. Due Walter A. Taylor, agent Mutual Life Insurance Company of New York, one hundred and fifty-six and 80/100 dollars in part payment of purchase of any new piano he may select, the price of said piano to be at our best price. This due-bill transferable. [Signed] McArthur & Sons Company, per W. R. McArthur, V. P. [Indorsed] Transferred to the order of L. J. Boyd. [Signed] Walter A. Taylor, agent Mutual Life Insurance Co." W. R. McArthur, acting in behalf of the defendant company, recognized the validity of this paper, and said "he only desired to have Mr. Taylor confirm Mr. Boyd's selection of the piano and thus carry out the terms of the order," and refused to accept the paper until

Taylor should approve the selection. The plaintiff insisted that he, and not Taylor, should chose the piano, and that he had already. chosen it, but, in order to satisfy McArthur, he caused Taylor to go to the store of the defendant company, July 2, 1903, for the purpose of confirming the selection. Taylor did not find W. R. McArthur, but left for him a note ratifying the selection made by the plaintiff. Later, on July 2, 1903, the plaintiff again tendered the due-bill to W. R. McArthur, as agent for the defendant company, in payment of the $150, and McArthur, acting on his own responsibility and representing the defendant company, upon the advice of his attorney, who was then present, refused to receive it and demanded payment in cash from the plaintiff. The plaintiff declined to return the piano or to pay cash. The plaintiff is a skilled musician, and in purchasing the piano he was acting in behalf of Taylor, the understanding being that in order to compensate the plaintiff for his services in selecting a good piano and obtaining it at the " best price," he should be allowed to keep it at his home and have the use and enjoyment of it until Taylor could manage to dispose of it to advantage. Taylor had attempted to buy the same piano, and the best price he was able to have made to him was $300. Being unable to purchase it from the defendant at as good a price as that made to other persons, he induced the plaintiff to act for him, the plaintiff purchasing on his own responsibility, and being alone known in the transaction. After the defendants had demanded the return of the piano or the payment of $150 cash, and the plaintiff had refused to comply with the demand, the defendants, on July 3, 1904, sent to the plaintiffs' home, and without his knowledge or consent removed the piano to the storehouse of the defendant company. This was done without warrant or authority of law, and against the protests of his wife, who was present; and the defendants thus placed upon him and his wife an unnecessary and wanton indignity. They were guilty of trespassing on his premises with circumstances of great aggravation, for which they should be mulcted in punitive damages. The act of the defendants in entering his home and forcibly depriving him of the possession of the piano was instigated by malice and spite, for the reason that he had obtained the piano in the interest of Taylor at a price at

which Taylor had not been able to secure it. After the piano had been taken from the plaintiff, the defendants delivered it to Taylor at the same price at which they had sold it to the plaintiff, and took in part payment, at its face value, the same due-bill which had been tendered to them by the plaintiff, thereby recognizing its validity. The plaintiff has been damaged in the sum of $5,000, because of the said conduct of the defendants, which amount he should be allowed to recover of them both jointly and singly, they being joint tort-feasors.

The court sustained a general demurrer, and the plaintiff excepted.

*Arnold & Arnold* and *J. H. Porter*, for plaintiff, cited Civil Code, §§ 2894, 2895, 2897; 5 Cyc. 164, 168; 1 A. & E. Enc. L. 409; *Ga. R.* 37/281; 81/468, 474; 87/747.; 95/390; 106/606; 111/760; 112/777, 778.

*William A. Fuller Jr.*, for defendants, cited Civil Code, §§ 3038, 3886; 111 *Ga.* 760.

COBB, J. The piano was purchased by Boyd in his own name. He gave his note for the deferred payment. The instrument was delivered to Boyd pending negotiations in reference to the cash payment. The sale was, therefore, not complete, and the seller voluntarily gave possession pending the negotiations. While Boyd was acting in the matter as the representative of Taylor, who was to be the beneficiary of the contract and the ultimate owner of the piano, he was entitled to the possession of the instrument, as against the defendants, until he should be deprived thereof in a lawful manner. When the defendants concluded to refuse to accept as cash their own due-bill, before they were authorized to forcibly retake the piano without the consent of Boyd it was necessary that they should notify him of their intention to decline to accept the due-bill, and demand possession of the piano, and, upon the refusal of Boyd to deliver possession, proceed to acquire possession, not by forcibly entering the house of Boyd and taking possession of the piano without lawful warrant or authority, but by a proper proceeding in a court having jurisdiction of the matter. It is immaterial, under this view of the matter, whether Boyd was purchasing for himself or for Taylor. If he was purchasing for himself, of course he was entitled to posses-

sion of the piano until notified that the due-bill tendered would not be accepted as a cash payment. If he was purchasing for Taylor, he was entitled to possession until he should receive a similar notice; for, under the contract between Taylor and himself, he was to hold the piano, not as a mere servant or agent for Taylor, but as one having an interest in the property, that is, the right to use it for his own benefit; the agreement between Taylor and himself, as set out in the petition, creating the relation of bailor and bailee between them, and his possession being thus coupled with an interest in the property. In the case of *Mitchell* v. *Railway*, 111 *Ga.* 760, the plaintiff was a mere servant, having no interest whatever in the property in his possession. As against a general demurrer, the petition set forth a cause of action. *Judgment reversed. All the Justices concur.*

