3706.  DICKSON *v.* MATTHEWS, for use, etc.

Where A. sells goods to B., A. can not recover the purchase-price from
C., although C. had contracted with B. to pay him for the goods. Nor
can A. use the name of B., suing for his use, for the purpose of recov-
ering against C.

DECIDED FEBRUARY 12, 1912.

Appeal; from Fulton superior court—Judge Ellis.  June 14,
1911.

*George Westmoreland, Mark Bolding,* for plaintiff in error.
*Smith, Hammond & Smith,* contra.

POTTLE, J.  Dickson employed Matthews to do photographic
work of a specified nature.  The written contract between them
provided, amongst other things, that Dickson would "pay the actual
invoice cost of all material used in making the negatives."  Mat-
thews bought from the Glenn Photo Company certain material
to be used in the work described in his contract with Dickson, and
instructed the company to charge the account to Dickson, exhibit-
ing to the company's salesman the contract above referred to.  The
company sued Dickson on the account and the case went to the
superior court on appeal from the justice's court.  On the trial of
the appeal, at the conclusion of the plaintiff's evidence, the court
intimated that a nonsuit would be granted; whereupon the plain-
tiff, over the defendant's objection, was allowed to amend by sub-
stituting the name of Matthews, suing for the use of the plaintiff.
The case then proceeded, and resulted in a verdict for the plaintiff.
The defendant's motion for a new trial was overruled, and excep-
tion has been taken to this ruling.  The points made here are
that the amendment introduced a new party plaintiff and a new
cause of action, and that even if the amendment was properly al-
lowed, the verdict was not authorized by the evidence.

Since, under the Civil Code (1910), § 5689, a plaintiff may
amend by substituting another person in his stead, suing for his use,
"when it becomes necessary for the purpose of enforcing the rights
of such plaintiff," a general objection to the allowance of such an
amendment would not be well taken.  The amendment is allowable,
and, when made, it will be determined, upon a consideration of the
evidence, whether the case can proceed as amended and a recovery
be had in favor of the plaintiff.  This is true even where the amend-
ment is offered after the introduction of evidence under which

the amendment appears to be improper; because new evidence may be thereafter admitted making the amendment proper. The real question is, with the amendment allowed and the evidence all in, has such a case been made as would authorize a recovery by the nominal or substituted plaintiff, for the benefit of the usee, the original plaintiff. So dealing with the present case, we are clear that the verdict against the defendant can not stand. Under the admitted facts there was no contractual relation between the defendant and the real plaintiff, the Glenn Photo Company. Dickson did not buy the goods from that company, nor promise to pay it for them, nor did he authorize Matthews to do so for him. It is true he contracted with Matthews to pay for material such as that delivered by the company to Matthews, but this was a contract with Matthews upon which he alone could sue. The company could not sue Dickson for a breach of his contract with Matthews, and can not use Matthews's name to accomplish by indirection what it could not do directly. From the plaintiff's standpoint the case is this: Matthews owes the plaintiff; Dickson owes Matthews. Ordinarily an action upon a contract, either express or implied, must be brought in the name of the party in whom the legal interest is vested. Civil Code (1910), § .5516. The exception is where the legal or nominal interest is in one person and the real interest in another. In such case the latter can proceed by using the name of the former as nominal plaintiff. The case here presented is not such a case. The Glenn Photo Company has neither the legal nor the equitable right to use a claim of Matthews against Dickson as the basis for recovery against Dickson of a claim of the company against Matthews. What we hold does not offend the just rule that where one appropriates the property of another, the law implies a promise to pay for it. Nor is any question of agency involved. There was no evidence that Dickson authorized the purchase of the material on his account. The case rests on the contract between Matthews and Dickson, and, as such, can not stand.

*Judgment reversed.*