19430.  DARNELL *v.* TONEY.

BELL, J.  1. No question as to the applicability of the statute of limitations or as to misjoinder of parties or causes of action can be raised by a general demurrer to the petition; but each of such matters, if relied on, must be made the subject of special demurrer or special plea, according to whether the facts justifying such objection appear upon the face of the petition or depend upon extraneous proof.  See, as to the statute of limitations, *Small* v. *Cohen,* 102 *Ga.* 248 (3) (29 S. E. 430) ;

*Smith* v. *Central of Georgia Ry. Co.*, 146 *Ga.* 59 (90 S. E. 474) ; and as to misjoinder, *Georgia R. &c. Co.* v. *Tice*, 124 *Ga.* 459 (2) (52 S. E. 916, 4 Ann. Cas. 200) ; *Riley* v. *Royal Arcanum*, 140 *Ga.* 178 (1 *b*) (78 S. E. 803) ; *Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (7) (122 S. E. 327).

2. This suit was against an administrator, to recover damages for the intestate's breach of a contract to make a will devising to the plaintiff specific real estate. The *person* who was administrator was also made a party defendant, and judgment was prayed against him upon allegations to the effect that he had knowingly and intentionally caused the intestate to commit the breach. A demurrer to the petition was filed by such individual defendant upon the following grounds: (1) No cause of action set forth; (2) cause of action, if any, barred by the statute of limitations; (3) misjoinder of parties defendant; and (4) misjoinder of causes of action; and upon a number of additional grounds, objecting to certain portions of the petition for want of sufficient particularity, and making similar criticisms of the petition. The court passed the following order: "Upon consideration the general demurrer is sustained and petition of plaintiff dismissed." *Held:*

(*a*) The order is construed as referring only to the ground of the demurrer in which it was contended (generally) that the petition failed to set forth a cause of action, and as containing no ruling as to whether the cause of action was barred by limitation, or disclosed a misjoinder of parties or of causes of action, or as to whether the petition was otherwise defective, all of such latter questions depending necessarily upon grounds of demurrer that were special and not general in character.

(*b*) Where a judgment on demurrer expressly or by reasonable construction is limited to the general grounds, the special grounds will not be considered on review, but will be left to the subsequent determination of the trial court. *Price* v. *Ketchum*, 29 *Ga. App.* 179 (115 S. E. 32).

(*c*) "It is actionable maliciously and without justifiable cause to induce one to break his contract with another to the damage of the latter." *Luke* v. *DuPree*, 158 *Ga.* 590 (124 S. E. 13). The petition set forth a cause of action, and it was therefore error to sustain the general demurrer.

3. This case is unlike the case of *Herbener* v. *Boston Oil Co.*, 17 *Ga. App.* 437 (87 S. E. 607), since in the instant case it does not appear that the court passed upon any except the general ground of the demurrer; and it is also distinguished from such cases as *Small* v. *Cohen*, supra, because the present plaintiff in error (who was the plaintiff in the court below) expressly challenges the right of the defendant to invoke the statute of limitations except in the proper manner. Nor would it be permissible here to apply the rule laid down in *Crittenden* v. *Southern Home Bldg. Association*, 111 *Ga.* 266 (5) (36 S. E. 643), to the effect that where a demurrer is based on several grounds, some but not all of which are sustained, the judgment will be affirmed if any of the grounds were good, irrespective of the validity of the grounds sustained. In that case the petition, differently from the petition in the present case, was subject to general demurrer; and the ruling there announced was later limited by the Supreme Court to the "special facts upon which

it was based." *Linder* v. *Whitehead,* 116 *Ga.* 206 (2) (42 S. E. 358). See also *McSwain* v. *Edge,* 6 *Ga. App.* 9 (2) (64 S. E. 116); *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 15, 1929.

*Joseph M. Lang,* for plaintiff.
*J. G. B. Erwin, J. H. Paschall,* for defendants.