## 25410. WOMETCO THEATRES INC. *v.* UNITED ARTISTS CORPORATION.

DECIDED MAY 27, 1936. REHEARING DENIED JUNE 18, 1936.

*Albert B. Bernstein, Heyman & Heyman,* for plaintiff.
*Colquitt, MacDougald, Troutman & Arkwright,* for defendant.

GUERRY, J. The Wometco Theatres Inc. brought suit against the United Artists Corporation. According to the allegations of

the petition, Wometco Theatres was a corporation engaged in exhibiting motion pictures in certain theatres operated by it in and around Miami, Florida. The defendant was in the business of distributing and granting licenses for the distribution of motion pictures. Prior to January 15, 1934, the defendant had entered into a contract with Sparks East Coast Theatres (hereinafter referred to as Sparks) for the exhibition of certain United Artists feature pictures for that season. The United Artists Corporation was distributing or selling Sparks thirteen pictures among which was a picture known as the "House of Rothschild." The defendant knew that Sparks could not itself exhibit all these pictures, and knew that it would sublicense certain of them to other exhibitors. In the contract between Sparks and the defendant it was agreed that Sparks should have the first run of the picture known as the "House of Rothschild," and that the picture should be made available within a twelve-months period and that it would mail to Sparks, the exhibitor, at least fifteen days before the available date, a written notice of the date when such picture would be available for showing. It was further provided that such picture would not be available to the exhibitor under a general release of such picture until the completion of what is known as a "road show;" and it was provided that in the event the picture was "road shown" in the immediate territory of the exhibitor, this contract could be canceled at the option of either party. It was further provided that the defendant should not grant any license to exhibit said pictures prior to the run of the same by the exhibitor within the territorial limits of said exhibitor, except as provided above, or before the expiration of the protection period. Prior to January 15, 1934, the plaintiff and Sparks entered into a contract in which it was agreed, that, with the consent of the United Artists Corporation, Sparks was selling to the plaintiff the right to show six named pictures, including the "House of Rothschild," at and for the sum of $1200 per picture; that "if for any reason United Artists does not release all of the pictures referred to within the twelve-weeks period, then you are not to make payment for any picture or pictures not released within the twelve-weeks period, but within fifteen days after release of said pictures you are to pay $1200 each. . . With the consent of the United Artists, you are to secure prints of pictures referred

to direct from them." It was further provided that "If United Artists should fail to release any picture or pictures referred to in attached list as being sold to you, you are released from payment for any such pictures at the rate of $1200 per picture." The plaintiff, in accordance with its contract with Sparks, procured from the defendant the prints and five of the pictures listed, and exhibited them. The defendant knew that these pictures were exhibited by the plaintiff and not by Sparks. On February 23, Sparks requested the defendant specifically to agree on the date for the showing of the "House of Rothschild" at the theatres of the plaintiff, and the defendant agreed that this picture should be shown on specified dates, but refused thereafter to deliver the prints for the picture to the plaintiff for exhibition on the dates referred to. After the confirmation of the playing date for said picture the defendant notified the plaintiff that it would withdraw such dates and show said picture as a "road show." The plaintiff refused to acquiesce in the withdrawal, because it would seriously impair its right. The defendant then entered into a contract with another exhibitor in the plaintiff's territorial limits, and allowed him to show the picture in said territory, and impaired its earning value to the plaintiff, and, because of the above facts, has damaged the plaintiff in the sum of $50,000. A motion to dismiss in the nature of a general demurrer was sustained, and the plaintiff excepted.

The plaintiff contends that under a general demurrer, or a motion to dismiss in the nature of a general demurrer, if the petition set out a cause of action under any theory, it was error to dismiss the action. With this contention we shall agree: *McNorrill* v. *Daniel,* 121 *Ga.* 78 (48 S. E. 680) ; *Malone* v. *Robinson,* 77 *Ga.* 719; *Hall* v. *John Hancock Mutual Life Ins. Co.,* 50 *Ga. App.* 625 (179 S. E. 183) ; *Citizens & Southern National Bank* v. *Union Warehouse &c. Co.,* 157 *Ga.* 434 (122 S. E. 327). Where a petition is duplicitous, it must be attacked by special demurrer. *Harris* v. *Wilcox,* 7 *Ga. App.* 121 (66 S. E. 380) ; *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206) ; *City of Albany* v. *Jackson,* 33 *Ga. App.* 30 (125 S. E. 478) ; *Darnell* v. *Toney,* 39 *Ga. App.* 710 (148 S. E. 279). The plaintiff insists that a cause of action for breach of contract is set out, and, if not, that a cause of action for malicious interference by the defendant with the contractual rights

of the plaintiff is clearly shown. We shall first examine the breach-of-contract theory. The plaintiff had a contract with Sparks to obtain from it for exhibition purposes certain pictures, which it in turn expected to procure from the defendant, by reason of a contract it had with the defendant. Sparks did contract with the plaintiff to sell to him the exhibition rights to certain pictures which it was to obtain from the defendant. The allegations of the petition do not show any such contract between the plaintiff and the defendant as will support a cause of action. A breach of the contract alleged to have existed between Sparks and the defendant for the failure to furnish Sparks the pictures will not support a cause of action in favor of a person not a party to this contract. Code of 1933, § 3-108; *Dickson* v. *Matthews,* 10 *Ga. App.* 542 (73 S. E. 705) ; *Kohn* v. *Colonial Hill Co.,* 38 *Ga. App.* 286 (144 S. E. 33) ; *Ragan* v. *National City Bank of Rome,* 177 *Ga.* 686 (170 S. E. 889). No contract is shown to have been made between the plaintiff and the defendant. From the allegations of the petition it does not appear to us that Sparks in making the contract with the plaintiff intended to assign or did assign any part of the contract he had with the defendant. He certainly would still have had the right to enforce the contract as against the defendant. In the contract with the plaintiff he merely set up the fact that he had a contract with the defendant for it to furnish to him certain pictures, and that he agreed to furnish these pictures to the plaintiff. The allegations of the petition, at most, show that the defendant knew of and consented to Sparks selling to the plaintiff certain of the pictures defendant had agreed to deliver to Sparks under a contract had with him. However, this fact would create no contractual relation between the plaintiff and the defendant whereby the defendant was bound to furnish to the plaintiff the pictures, and would give no right to the plaintiff to maintain an action against the defendant on such contract if it failed to furnish the pictures under the contract with Sparks. If there was any breach of the contract, the right of action vested in Sparks, subject, of course, to the terms of such contract between Sparks and the defendant. If the plaintiff has failed to receive the picture, and Sparks can not offer any justification for failure to deliver it under the contract with the plaintiff, then the plaintiff's remedy would be against Sparks, but not against the de-

fendant. We are therefore of the opinion that the petition is not good as setting out a cause of action on contract.

■ However, as above pointed out, it is insisted by the plaintiff that even though it had no right of action by reason of the contract between Sparks and the defendant, yet the petition does set out a cause of action for malicious interference by the defendant with its contractual rights with Sparks, and therefore that the motion to dismiss should have been overruled. It is contended that the facts alleged show that the defendant, with knowledge of the contract between the plaintiff and Sparks, wrongfully and tortiously failed and refused to carry out its contract with Sparks, "with a view of securing greater profits for itself," by exhibiting the film with another exhibitor, a stranger to all of the prior transactions. The plaintiff relies on the ruling in *Luke* v. *DuPree,* 158 *Ga.* 590 (124 S. E. 13), as follows: "It is actionable maliciously and without justifiable cause to induce one to break his contract with another to the damage of the latter. The term 'maliciously' means any unauthorized interference or any interference without legal justification or excuse; and ill will or animosity is not essential." See also *Carpenter* v. *Williams,* 41 *Ga. App.* 685 (154 S. E. 298) ; *Employing Printers Club* v. *Doctor Blosser Co.,* 122 *Ga.* 509 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. R. 137, 2 Ann. Cas. 694) ; *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (55 S. E. 37, 7 L. R. A. (N. S.) 926) ; *Duane Chair Co.* v. *Lewallen,* 22 *Ga. App.* 307 (95 S. E. 997) ; *Hughes* v. *Bivins,* 31 *Ga. App.* 198 (121 S. E. 590) ; *Darnell* v. *Toney,* 39 *Ga. App.* 710 (148 S. E. 279). The right of parties to a contract is a property right (*Southern Ry. Co.* v. *Chambers,* supra), and any "act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." Code of 1933, § 105-1401. Under certain conditions, hiring or interfering with certain classes of employees is made criminal. § 66-9902 et seq. In the present case it is contended that the breach by United Artists of the contract it had with Sparks amounted to a breach of duty by United Artists to the plaintiff, for the defendant had notice that Sparks would not be able to comply with his contract with the plaintiff. A person not a party to a contract may *procure,* without justification, its breach, and be liable therefor in tort. The *mere failure* of a party to a contract to carry out its terms will not give rise to a cause of

action *ex delicto* in favor of a third person who has contracted with the opposite party to such contract, although in breaching the contract the party so failing may be charged with notice that the opposite party will not be able to perform its contract with such third person. The plaintiff's cause of action, under the theory now under consideration, is by the allegations of the petition necessarily based on the defendant's alleged failure to carry out its contract with Sparks. In all the cases cited in Georgia it is distinctly pointed out that parties to a contract have a property right therein, and *third parties* have no right maliciously to *interfere* with this right—maliciously meaning "any unauthorized *interference* or any *interference* without legal justification or excuse." In all cases we have examined in this State such third party knowing the existence of a contract *procured* for his own benefit one of the parties to breach the same.

There is a distinction between interference with contractual rights and procuring or inducing another to breach his contract; and failure of a third person to perform an independent prior contract made with one of the parties does not give rise to a cause of action for *inducing* the breach of the contract. "If the defendant has been guilty of a breach of duty apart from the contract, he will be liable to all to whom the duty extends, and he will not be protected by setting up a contract in respect to the same matter with another person." 13 C. J. 703. However, we can not agree that the plaintiff's petition sets out a cause of action under the above principle. It is not alleged that the defendant *induced* Sparks to break his contract with the plaintiff, but it is merely shown that the defendant failed to comply with its contract with Sparks with notice that Sparks would be unable to comply with his contract with the plaintiff, to which the defendant had assented. No intermeddling by the defendant with the relationship created by the contract existing between Sparks and the plaintiff is shown; no fraud is charged; the petition merely shows an act on the part of the defendant with reference to its own affairs. We have found no decision, nor could we subscribe to any, holding the defendant liable in tort, under the facts of the present case. Furthermore, it is not shown that the defendant was not acting within its absolute rights under the contract between it and Sparks (which is not fully set out in the petition) in refusing to deliver

the picture to Sparks, or to the plaintiff for Sparks, under the terms of the contract between them; and certainly in the absence of such a showing no action would lie. We are of the opinion that the judge did not err in dismissing the action.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

MACINTYRE, J., concurring specially. I am in agreement with the majority of the court in the judgment of affirmance, but not to all of the language used in the opinion. In my opinion, the petition of the plaintiff must fail, for two reasons which may be stated succinctly as follows: (1) The plaintiff was not a party to the contract between Sparks and United Artists Corporation, nor was he named therein, nor was there any proper assignment of the contract made to the plaintiff. He therefore can not maintain an action at law for the breach of such contract. (2) Under the allegations of the petition the defendant was not guilty of any *acts of interference* or *acts of inducement,* but was guilty merely of nonfeasance, in that it failed to comply with its contract with Sparks. Therefore the defendant is not chargeable with damages ex delicto, under the theory that it induced Sparks to breach his contract with the plaintiff. The use of the term "third party" in the majority opinion is to me confusing; for as a matter of actual fact the defendant is a "third party" to the contract alleged to have been breached between Sparks and the plaintiff; and further, our Supreme Court in the *DuPree* case held that a party to a contract, as well as a stranger thereto may be sued in an action ex delicto for forming a conspiracy to breach the contract of such party.