33629.   CHILDS *v.* BLAINE.

Decided November 20, 1951.

849

*W. L. Nix, D. B. Phillips*, for plaintiff.

*T. J. Long,* for defendant.

MacIntyre, P. J. 1. It has long been a familiar rule of

pleading and practice that if a petition sets out a cause of action under any theory it is error to dismiss the action, as against general demurrer. *Wometco Theatres Inc.* v. *United Artists Corp.,* 53 *Ga. App.* 509, 511 (186 S. E. 572); *Ford* v. *Fargason,* 120 *Ga.* 708 (48 S. E. 180); *Boyd* v. *McArthur,* 120 *Ga.* 974 (48 S. E. 358). In this case the trial court sustained the general demurrer and, therefore, necessarily held that the petition failed to state a cause of action under any theory. The plaintiff did not take exception to that judgment, but under the court's order allowing time within which to amend, he amended, and by this amendment, he acquiesced in the judgment that the original petition failed to state a cause of action and that judgment became the law of the case. *Rivers* v. *Key,* 189 *Ga.* 832 (7 S. E. 2d, 732); *Sherling* v. *Continental Trust Co.,* 175 *Ga.* 672 (165 S. E. 560); *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617); *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124). The question for decision is whether the amendment met the criticisms of the demurrer as provided by the judgment.

The gist of the negligence charged against the defendant in the original petition was that he had violated the Georgia statute with reference to the employment of minors; that the plaintiff's minor son was driving the defendant's station wagon at the time of its collision with a truck driven by a third person; and that the minor child of the plaintiff was under the custody, control, and direction of the defendant at the time of the collision. The averments of the amendment added nothing new or of substance, but were a mere elaboration of the averments of the original petition, going merely into detail as to the specific sections of the statute with reference to the employment of minors which had been violated. Therefore, under the law of the case, the petition as finally amended alleged no cause of action, and the court did not err in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*