40619. PIEDMONT COTTON MILLS, INC. et al. v. H. W. IVEY CONSTRUCTION COMPANY, INC.

DECIDED JUNE 23, 1964.

*Wotton, Long, Jones & Read, Grigsby H. Wotton,* for plaintiffs in error.

*Richardson & Chenggis, George B. Chenggis,* contra.

BELL, Presiding Judge. ■ The theory upon which the plaintiffs in error found this appeal as portrayed in their brief is that the suit against them is one for trespass to real estate neither owned nor possessed by the plaintiff and consequently the injury to the realty is a cause upon which the petitioner cannot sue. If the suit was in fact one for trespass under those circumstances, there would be, of course, nothing incorrect about their theory as a matter of abstract law. The theory, however, is not appropriate to this case.

We readily concede that the petition is subject to the reasonable construction that the concrete footing and walls were a part of the realty when destroyed and that the plaintiff had no "possession" of the realty in the legal sense but had only a mere right of occupancy of the land and this not in its own right but only by virtue of the permission of the true owner. We even acknowl-

edge that the petition does attempt to state a cause of action for damage to the realty. All these things, however, although definitely misleading, are not fatal to the petition, as it effectively delineates another cause of action—i. e., the petitioner did have an interest in property for damage to which he is entitled to recover. "If a petition sets out a cause of action under any theory it is error to dismiss the action, as against general demurrer." *Childs v. Blaine,* 84 Ga. App. 847, 850 (67 SE2d 787). The *Childs* principle would be true even though, as here, the pleading of the sound cause of action was more a product of coincidence or sheer accident than of the intent or design of the pleader.

A contractual right is a right *in rem,* and the parties to a contract have a property right in the agreement. *Luke v. DuPree,* 158 Ga. 590 (124 SE 13); *Wometco Theatres Inc. v. United Artists Corp.,* 53 Ga. App. 509 (186 SE 572); *Carpenter v. Williams,* 41 Ga. App. 685 (154 SE 298). "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." *Code* § 105-1401.

Since Lumley v. Gye, 2 Ed. and Bl. 216, 1 Eng. Rul. Cas. 706, a considerable body of law has grown up about the subject of interference with contractual relations. See Prosser, Torts (2d Ed. 1955), pp. 720-745. It has been substantially recognized in this State that interference with contractual relations by a third party, such as inducing one to breach his contract with another, is an actionable tort for which the party guilty is liable in damages. *Luke v. DuPree,* 158 Ga. 590, supra; *Darnell v. Toney,* 39 Ga. App. 710 (148 SE 279); *Studdard v. Evans,* 108 Ga. App. 819 (135 SE2d 60).

As shown by the case of *Southern R. Co. v. Chambers,* 126 Ga. 404 (55 SE 37, 7 LRA (NS) 926), the tort of the interference with contractual relations is not limited to the procurement of a breach of contract. We think the *Chambers* case is applicable to and controls the issue here. The holding in *Chambers* signifies that one under a duty to render a performance has a property interest in the contract in that he has the right to render the required performance free from unjustified and unprivileged

intentional invasions that retard performance or make the performance more difficult or expensive. Interference of that type constitutes an actionable tort which embraces within its scope all intentional invasions of contractual relations, including any act injuring or destroying property and so interfering with the performance itself, regardless of whether breach of contract is induced. In this connection see 30 Am. Jur. 84, Interference, § 42; 86 C.J.S., 959, Torts § 44(a); Carpenter, "Interference with Contract Relations," 41 Harvard Law Review, p. 728.

Interference with contractual relations is an *intentional* tort, and if intentional interference is to be required, it presupposes knowledge of the plaintiff's interests or, at least, of facts that would lead a reasonable man to believe in their existence. See Prosser, Torts (2d Ed. 1955), pp. 732-735.

However, T. W. Tift's act of going upon the land of General Warehouse 2, Inc. and demolishing the work that had been accomplished on its bridge constitutes conduct unlawful in itself regardless of any specific intent to injure the petitioner in its contractual relations. Under the doctrine that one must be presumed to intend the consequences of his unlawful act, it must be accepted that Tift intended to injure the petitioner in its contractual relations.

It is a question of fact, and thus for the jury, whether the defendant has played a material and substantial part in causing the plaintiff's loss of any benefits of the contract.

General demurrers numbered 1 and 2 of each defendant were properly overruled by the court below.

■ T. W. Tift's demurrer number 3 is a special demurrer addressed to paragraph 10 of the petition on the ground that it "fails to show how or in what manner this defendant wantonly and maliciously went on the property of the plaintiff or how or in what manner he used a tractor and cable, whether this defendant operated said tractor and cable, or whether same was operated by some third person." This demurrer probably is bad for several reasons, but in any event, it was not harmful error to overrule it, since it complains of failure to allege matters peculiarly within the defendant's knowledge. *Lee Street Auto Sales, Inc. v. Warren*, 102 Ga. App. 345 (116 SE2d 243).

■ Piedmont Cotton Mills, Inc.'s demurrer number 3 makes the objection that no cause of action for attorney's fees is set out. *"Atlanta Journal Co. v. Doyal,* [82 Ga. App. 321, 60 SE2d 802], in effect holds that the wilful violations of the rights of another, every intentional tort, invokes the species of bad faith that under the provisions of *Code* § 20-1404 entitles the person wronged to recover the expenses of litigation involving attorney's fees." *Dodd v. Slater,* 101 Ga. App. 358, 360 (114 SE2d 167). The petition alleges that the injuries complained of were done wilfully, wantonly and maliciously and *in bad faith.* It was not error to overrule this ground of demurrer.

■ Piedmont Cotton Mills, Inc.'s demurrer number 4 and T. W. Tift's demurrer number 5 both make the objection that no cause of action for punitive damages is set out. *Code* § 105-2002 provides, "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages. . ." Under the above-noted allegations that the injuries were done wilfully, wantonly and maliciously and in bad faith, these demurrers were properly overruled.

*Judgment affirmed with directions that the petition be recast to eliminate the extraneous matter which seeks to recover for damage to the realty. Jordan and Eberhardt, JJ., concur.*