47133. ORKIN EXTERMINATING COMPANY v. CALLA-WAY.

DEEN, Judge. 1. The defendant pesticide company entered into a contract with the plaintiff to treat the residence premises for "lifetime control" of termites. The printed contract form contained unchecked options for repair and structural modifications, but it does not appear that any were suggested to the plaintiff. The repairs were completed and for two consecutive years thereafter inspections were made and inspection stickers marked "O.K." returned to the plaintiff. The premises were in fact infested with swarming termites during this time which damaged the supporting structures of the house in an amount estimated from $1,000 to $23,000. The defendant offered testimony on the trial of the damage suit to the effect that certain routine procedures were not followed because of the limited crawl space under the house. The jury awarded the plaintiff $1,500 and defendant appeals, contending only that there is no evidence to support a finding of negligence on the part of the defendant. *Held:*
It does not appear the plaintiff was ever informed that the construction of the house inhibited the type of treatment and control for which she had paid. It does appear that the defendant sold her a "lifetime control" for a stipulated annual premium and made two inspections during

the period after treatment when at least some of the damage occurred, reporting after each that the house was in satisfactory condition, when there was in fact widespread damage and clouds of swarming termites. Negligence may be proved by circumstantial evidence where there is an inference of cause and effect relationship which preponderates toward the theory that the damage resulted from the defendant's negligence rather than to any other reasonable hypothesis. *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210 (3); *Ga. R. & Electric Co. v. Harris,* 1 Ga. App. 714 (57 SE 1076). This is, however, a question for the jury. There is at least some evidence to support the conclusion reached, and the defendant is not entitled to judgment notwithstanding the verdict.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED MAY 5, 1972—DECIDED MAY 17, 1972—
REHEARING DENIED JUNE 13, 1972.

*Lawson E. Thompson,* for appellant.
*Walton Hardin,* for appellee.