## 49065. ORKIN EXTERMINATING COMPANY, INC. v. MIXON.

EBERHARDT, Presiding Judge. J. F. Mixon[1] brought suit on a contract against Orkin Exterminating Company, Inc., under which Orkin undertook to treat plaintiff's house for subterranean termites and control their infestation. It was alleged that during the period of the contract, as renewed from year to year, defendant failed to perform its contractual obligations to treat the house and control the termite infestation, which resulted in damage to the house in the amount of $20,000. The jury returned a verdict for plaintiff in the amount of $17,000, and Orkin appeals. *Held:*

1. The evidence is abundant that Orkin breached its obligation to control the subterranean termite infestation. Because of the extensive termite damage, four building contractors testified that the cost of attempting to repair the house would far exceed the cost of replacing it. The jury verdict was well within the range of the evidence as to the replacement costs of the home, taking into consideration the salvageable items. Plaintiff was

---

[1]Mixon died while defendant's motion for new trial was pending, and his widow was substituted as party plaintiff.

entitled to recover these damages for breach of the contract, and the general grounds of the motion for new trial are without merit. *Mercer v. J & M Transportation Co.,* 103 Ga. App. 141, 143 (2) (118 SE2d 716); *Orkin Exterminating Co. v. Buchanan,* 108 Ga. App. 449 (133 SE2d 635). See also *Orkin Exterminating Co. v. Callaway,* 126 Ga. App. 431 (190 SE2d 827). The contract here does not contain a limitation of liability as did the contract in *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, and consequently our decision in that tort action is not controlling here.

2. Orkin makes fourteen additional enumerations of error. We have carefully compared each of these enumerations and the brief in support thereof with the record, and we find that Orkin has failed to show by the record and transcript that harmful error was committed in the trial court. Accordingly the judgment below must be affirmed.

*Judgment affirmed. Pannell, J., concurs. Evans, J., concurs in the judgment.*

SUBMITTED FEBRUARY 7, 1974 — DECIDED FEBRUARY 14, 1974.

*Thompson & Broadfoot, H. Dale Thompson,* for appellant.
*Paul J. Jones, Jr., Eric L. Jones, J. Carlton Warnock,* for appellee.