## 60402. McDANIEL et al. v. GREEN et al.

CARLEY, Judge.

Plaintiff-appellants contracted with defendant- appellee Green Industries, Inc. (Green Industries) for the construction of a residential dwelling. Green Industries commenced construction under the contract but did not complete the job. Appellants contend the work was abandoned but Green Industries contends that it was wrongfully dismissed from the job by appellants.

Subsequently, Green Industries filed a materialman's lien against appellants' property and by letter notified the lender allegedly providing appellants with construction financing, Albany First Federal Savings and Loan Association (First Federal), of the filing of said lien. Subsequently, a second letter was sent by Green Industries to First Federal stating that the dispute had not been resolved and that First Federal would be joined as a party-defendant in any suit which Green Industries might institute to establish and foreclose its lien.

Appellants then instituted the instant suit against both Green Industries and appellee-Henry Glenn Green, individually and as agent of the defendant company, alleging breach of contract, tortious interference with contractual relations, wrongful filing of a materialman's lien and fraud. Appellees answered denying the allegations of the complaint. In addition, Green Industries counterclaimed seeking damages for breach of contract or, in the alternative, recovery under the theory of quantum meruit.

At the close of appellants' evidence, the trial court granted appellees' motion to strike Count IV, prayer (d), and Exhibits "B" and "C" of the complaint, relating to the allegations of tortious interference with the contractual relationship between appellants and First Federal. At the close of all the evidence, the trial court granted appellee-Green's motion for a directed verdict as to the allegations of Count III of the complaint alleging his individual liability for fraud and appellee-Green Industries' motion to strike the remainder of Count III. Only that portion of appellants' complaint alleging breach of contract and wrongful filing of the materialman's lien and the counterclaim of Green Industries were submitted to the jury for resolution. The jury returned its verdict in favor of both appellees in the main action and in favor of appellee-Green Industries on its counterclaim. Appellants appeal from the judgment entered on this jury verdict.

1. Appellants first contend that the trial court erred in striking Count IV, prayer (d) and Exhibits "B" and "C" of their complaint, alleging that appellees tortiously interfered with a construction loan

agreement between appellants and First Federal. In particular, appellants contend that as the result of the two letters directed to First Federal by appellees, the lender refused to advance certain funds to appellants.

The intentional and non-privileged interference by a third party with existing contractual rights and relations constitutes a tort for which an action shall lie. *Sheppard v. Post,* 142 Ga. App. 646 (1) (236 SE2d 680) (1977); *Piedmont Cotton Mills v. H. W. Ivey Const. Co.,* 109 Ga. App. 876 (1) (137 SE2d 528) (1964); Code Ann. § 105-1401. Furthermore, the courts of this state have recognized that such interference with a contractual right or relationship need not result in a breach of the contract to be actionable. It is sufficient if the invasion retards performance of the duties under the contract or makes the performance more difficult or expensive. *Piedmont Cotton Mills v. H. W. Ivey Const. Co.,* supra at 879-880; *Southern R. Co. v. Chambers,* 126 Ga. 404 (55 SE 37) (1906).

In support of their allegations of tortious interference, appellants relied upon a letter dated October 3, 1978 (Exhibit "C" of the complaint) and a letter dated November 1, 1978 (Exhibit "B" of the complaint) which were sent by appellees' counsel to First Federal. The letter of October 3, 1978, which was addressed to appellants and a carbon copy of which was forwarded to First Federal, was merely a notification of the filing of the materialman's lien against appellants' property. The letter of November 1, 1978 was addressed directly to First Federal and notified the lender that the dispute between Green Industries and appellants had not been resolved, that Green Industries claimed priority over the lender's security interest in the property, and that, if the matter was not resolved within ten days, suit would be filed to foreclose the lien and, in such event, First Federal would be named a party-defendant. In addition to these letters, appellants, in support of their tortious contractual interference count, relied upon the testimony of appellant Gerald McDaniel that the loan funds with First Federal were "cut off" on approximately November 1, 1978.

Construing, as did the parties to this action, the trial court's grant of the motion to strike this count of appellants' complaint as tantamount to directing a verdict for appellees, such action was proper if there was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded a verdict for the movants. *Etheridge v. Kay,* 153 Ga. App. 399 (1) (265 SE2d 332) (1980); Code Ann. § 81A-150 (a). Other than the aforementioned testimony and letters, appellants offered no evidence in support of the allegations of tortious contractual interference. No evidence was introduced as to the terms

of the construction loan agreement between appellants and First Federal. There was no evidence that the actions of the lender in "cutting off" the funds resulted in a breach of the funding contract or otherwise resulted in a change in First Federal's obligations and duties to appellants unwarranted under the agreement. More significantly, no evidence was introduced that appellees' letters resulted in the decision to "cut off" funding. Thus, we are constrained to conclude that appellants failed to establish the essential elements for recovery, to wit: that the decision by First Federal to "cut off" funding was the result of a tortious interference by appellees with a valid existing contractual right of appellants.

Assuming arguendo that appellants did establish valid contractual rights and that the November 1, 1978 letter from Green Industries to First Federal presented circumstances from which the inference could be drawn that the lender refused to advance appellants additional funds because of the statements contained therein, such evidence was not sufficient to withstand a motion for directed verdict on this count. "Where a plaintiff in a civil case supports his case solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied on. There must be more than a 'scintilla' of circumstances to carry the case to the jury." *McCarty v. Nat. Life & Acc. Ins. Co.,* 107 Ga. App. 178 (2) (129 SE2d 408) (1962); *Budd v. Saddler Realty,* 150 Ga. App. 148 (1) (257 SE2d 1) (1979); *Delta Air Lines v. Isaacs,* 141 Ga. App. 209 (233 SE2d 212) (1977). In striking Count IV of the complaint and the prayers and exhibits relative thereto, the trial court determined there were insufficient circumstances to establish appellants' theory that the receipt of said letters was the reason First Federal refused to advance appellants additional funds. After a thorough and careful review of the entire record, we find no evidence which makes that ruling erroneous. Accordingly, this enumeration is without merit.

2. Count III of appellants' complaint alleges that appellee-Henry Glenn Green, individually and as agent of appellee-Green Industries, fraudulently concealed from appellants material defects in the construction of the house. Upon proper motion, the trial court directed a verdict in favor of appellee-Henry Glenn Green and struck the remainder of Count III. Appellants contend this was error.

In support of the allegations of Green's fraud, appellants relied upon the testimony of appellant-Virginia McDaniel concerning a hole in the floor and the lack of insulation above the kitchen ceiling. With respect to the hole Mrs. McDaniel testified, "It was just a hole in the floor where they put the wrong tub in," and that she had discussed

this problem with Green. When questioned, "And what, if anything, did he [Green] tell you about that hole in the floor?" she responded, "He said that he assumed that it had been covered up." With respect to the insulation, Mrs. McDaniel testified upon inspecting the house she discovered that insulation had not been placed above the kitchen ceiling. She further testified that when Green was questioned as to whether or not insulation had been placed in the ceiling above the kitchen he stated that he "presumed it was."

"To support an action of deceit on the grounds of failure to disclose a material fact, the evidence must show that there was a concealment of a material fact, that such concealment was done to induce another to act and that it was done in such a manner as to deceive and mislead." *Jackson v. Smith,* 94 Ga. App. 697, 701 (96 SE2d 193) (1956). Appellants' evidence failed to show that Green concealed the hole in the floor or the absence of insulation in the kitchen ceiling or that appellants were in any way deceived, misled or induced to any act by Green's failure to point out the alleged deficiencies. *Jackson v. Smith,* supra; *Tison v. Eskew,* 114 Ga. App. 550 (151 SE2d 901) (1966). Therefore—again construing the striking of Count III of the complaint as tantamount to the direction of a verdict—the trial court did not err as the evidence adduced at trial was not in conflict and demanded a verdict for appellees. *Romedy v. Willett Lincoln-Mercury, Inc.,* 136 Ga. App. 67 (220 SE2d 74) (1975). Appellants' evidence having failed to prove the essential elements for recovery on the theory of fraudulent concealment, the question of whether appellee-Green was acting in his individual capacity or as an agent of appellee-Green Industries is moot. For the foregoing reasons, this enumeration of error is without merit.

3. Appellants also contend that the trial court erred in denying their motion for directed verdict as to appellee Green Industries' counterclaim upon the grounds of insufficient evidence of damages. In particular, appellants urge that no evidence was presented as to the value of tools and materials left on the job.

The proper measure of damages in a case such as the one at bar is set forth in *Williams v. Kerns,* 153 Ga. App. 259, 266-267 (265 SE2d 605) (1980):

"The basic component of damages recoverable by a contractor when a construction contract is wrongfully breached by the owner is the net profit to which the contractor would have been entitled had full performance of the contract been permitted. That figure is reached by subtracting from the contract price the amount which full performance would have cost the contractor. If performance by either party had begun prior to the breach, adjustments must be made to ensure that the contractor receives the full amount of the profit, but

no more. First, there must be added to the profit figure the amount of the contractor's net loss up to the point of the breach. That figure is reached by subtracting from the expenses incurred by reason of the contractor's performance the salvage or resale value of the material left on hand. The sum of those figures (the profit which would have been realized from full performance plus net loss incurred by performance to the date of breach) may in no event exceed the contract price. Second, there must be deducted from the recovery those amounts received by the contractor from the owner as prepayment or progress payment."

From our review of the record, we find that sufficient evidence was introduced with respect to all of the essential elements necessary for recovery by appellee-Green Industries on its counterclaim. The proof of damages was made with reasonable certainty and the matter was properly submitted to the jury. *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840 (2) (207 SE2d 241) (1974).

4. For the reasons set forth in Divisions 1 and 2 of this opinion and for the reason that more than sufficient evidence was presented to support the jury's award to appellee-Green Industries on its counterclaim, the trial court did not err in denying appellants' motion for new trial. *Orkin Exterminating Co. v. Mixon,* 130 Ga. App. 885 (205 SE2d 13) (1974).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED NOVEMBER 21, 1980 —

*M. Stan Ballew,* for appellants.
*Ernest J. Yates, Roy Benton Allen, Jr.,* for appellees.