## 68796. GILLIS v. ORKIN EXTERMINATING COMPANY.
### (323 SE2d 695)

POPE, Judge.

Fred B. Gillis brought this negligence action against Orkin Exterminating Company seeking damages for Orkin's allegedly negligent inspection and treatment of his home for termites and its failure to provide him with protection from termites as agreed upon by contract. Gillis sought as damages the estimated cost of repair of his home. Gillis later amended his complaint to add a count seeking punitive damages and attorney fees on the basis of Orkin's bad faith in allegedly forging his signature on certain documents, thereby misleading him as to the treatment he was actually receiving on his home. This appeal arises from the trial court's granting of Orkin's motion for summary judgment.

The pertinent portions of the subject contract are identical to those set forth in *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363 (203 SE2d 587) (1973). In essence, Orkin agreed to initially treat Gillis' home for termites and to inspect the premises annually thereafter. Orkin also agreed to additionally treat the premises if any termite infestation occurred during the pendency of the agreement. The agreement was "limited to retreatment only and in no way, implied or otherwise, cover[ed] damages and repairs to the structure or contents." "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him. [Cits.] Such an independent harm may be found because of the relationship between the parties, or because of defendant's calling or because of the nature of the harm. [Cits.] However, not all breaches of contract are also independent torts: '. . . where defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on — and limited by — defendant's consent.' [Cit.] In those circumstances, an action in tort may not be maintained for what is a mere breach through non-action or through ineffective performance (which is the same thing) of a contract duty — the duty must arise independent of contract to constitute a tort. [Cit.] Even this formulation, however, is limited by the rule that where nonperformance or inaction is of such a type as to create an unreasonable risk of harm to others, even nonperformance of a contract duty — nonfeasance — may give rise to a tort action. [Cits.] Finally, where the breach of contract is not also a tort, limitations of liability for breach will usually be given effect. [Cits.]" *Orkin Exterminating Co. v. Stevens*, supra at 365.

The record shows that Orkin first treated the Gillis home in 1973 for termite infestation and that Orkin thereafter inspected and re-treated the premises regularly and as requested by Gillis. Gillis averred that in early 1978 an Orkin inspector informed him that the front part of his home was falling in, apparently due to damage caused by termites. The record also shows that in response to Gillis' first interrogatories, Orkin claimed to have treated the Gillis home, in part, as follows: "The soil adjacent to the inside foundation wall was trenched and was treated approximately six (6) inches deep with ORKILL. All piers were trenched approximately six (6) inches deep and treated with ORKILL . . . The concrete porch was drilled at approximately sixteen (16) inch intervals and soil beneath slab was flooded with ORKILL." In response to a second set of interrogatories, Orkin admitted: "The holes called for were not drilled as called for . . ., but an alternate method was used, that being the application of a short rod applying chemical from the side of the concrete area . . . The concrete porch could not be drilled because remodeling of the home made the concrete inaccessible with destruction of the property." The record also discloses a form filed by Orkin with the Georgia Department of Agriculture pursuant to rules and regulations promulgated pursuant to the Structural Pest Control Act, OCGA Ch. 43-45. This form lists eleven items which when each is checked "yes" "indicates work done to bring job up to minimum standards for reasonably effective termite control" as specified by the State of Georgia. Of the eleven items, two are checked "no" — "Trenched inside foundation & around piers, chimney," and "On-grade slab(s) drilled or rodded." This form provides: "By signing below, the customer signifies that he understands that he will receive less than the minimum termite control job as specified by the State of Georgia." It is his purported signature on this form which Gillis contends was forged.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." (Citations and punctuation omitted.) *Whiddon v. O'Neal*, 171 Ga. App. 636, 639 (320 SE2d 601) (1984). In our view, the foregoing evidence of record, when construed in light of the standard enunciated in *Whiddon v. O'Neal*, supra, indicates that Orkin may have failed to perform certain "minimum" procedures for treatment of termites on the Gillis residence, and that Gillis was not informed that he had not received the complete treatment for which he had paid. Under these circumstances, a question of fact remains for jury resolution as to any negligent omission on the part of Orkin.

See *Orkin Exterminating Co. v. Callaway*, 126 Ga. App. 431 (190 SE2d 827) (1972). Compare *Wilcher v. Orkin Exterminating Co.*, 145 Ga. App. 551 (2) (244 SE2d 101) (1978); *Worth v. Orkin Exterminating Co.*, 142 Ga. App. 59 (3) (234 SE2d 802) (1977); and *Orkin Exterminating Co. v. Stevens*, supra, where in these three cases no evidence of negligent omission appeared of record. It follows that the trial court erred in granting Orkin's motion for summary judgment.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1984.

*Millard B. Shepherd, Jr.*, for appellant.
*Robert S. Reeves*, for appellee.