## 70213. WOODALL v. ORKIN EXTERMINATING COMPANY, INC.
### (332 SE2d 173)

POPE, Judge.

"Termite case." Plaintiff homeowner, Mrs. M. L. Woodall, filed a two-count complaint against Orkin Exterminating Company, Inc., alleging breach of contract and fraud and seeking damages resulting from termite infestation of the carport or garage area of her house. Following discovery, Orkin moved for and was granted partial summary judgment as to plaintiff's fraud claim. This ruling was made a final judgment pursuant to OCGA § 9-11-54 (b), and plaintiff brings this appeal therefrom.

Count I of plaintiff's complaint sounds in contract and alleges that the parties entered into a contact in May 1968 for the treatment of plaintiff's house for termite control; that Orkin "supposedly" treated plaintiff's house and issued her a "Lifetime Termite Damage Guarantee"; that plaintiff annually paid the required renewal fee; that in July 1982 plaintiff discovered her carport area had been damaged by an infestation of live termites; that plaintiff notified Orkin and was advised to have the damage repaired and Orkin would reimburse her; and that the repairs amounted to $6,062.27, for which amount plaintiff made demand upon Orkin and payment was refused. Count II incorporates all the allegations of Count I and adds only the following paragraph: "Plaintiff in having the damage repaired discovered that [Orkin's] employees had not originally treated the carport area as specified in the contract; therefore, [Orkin] has perpetrated fraud upon the plaintiff." Plaintiff sought recovery of $6,062.27 for repairs, $100,000 as punitive damages for fraud, attorney fees and costs.

In her deposition, plaintiff testified as follows as to her claim of fraud: "Q. . . . Count 2 of your complaint states that when you discovered the damage in the carport, you were told that Orkin . . . allegedly did not treat the carport area, is that right? A. Yes. Q. That they . . . allegedly did not treat the carport area? A. They did not treat it . . . Q. Orkin has done everything that they were supposed to do as far as coming out, right? To service your house when you asked them? . . . A. Yes. Q. . . . And they didn't trick you into signing any kind of a contract, did they? A. No. Q. . . . And they didn't do anything else to you to deceive you in any other way, did they? A. No, they just didn't treat my house. It was eat up with termites. Q. Your carport? A. My carport. . . Q. In other words, I think we've elimi-

nated everything else, so the only thing left is what you're saying, that they did not treat the carport? A. They did not treat the carport, right. It's the carport. Yes. Q. So that's the only thing that you're saying they did fraudulently, is that right? A. Yes. . . Q. So not treating your house is your only claim of fraud? A. Yes. . . Q. . . . . That's the only basis of your allegation of punitive damages . . . against Orkin, is that right? A. Yes." Plaintiff also testified that she relied on Orkin to treat her entire house as per their agreement, and that she had no personal knowledge of the extent of the treatment actually completed on the house as she was at work at the time.

It is clear from the foregoing that plaintiff is not asserting a claim of fraud in the procurement of the contract. Compare *Worth v. Orkin Exterminating Co.*, 142 Ga. App. 59 (2) (234 SE2d 802) (1977). Rather, plaintiff asserts that Orkin fraudulently represented to her that her entire house had been treated for termites when in fact the carport area of her house had not been so treated, and further that Orkin fraudulently concealed this fact from her by failing to disclose same.

"Fraud is exceedingly subtle in its nature. There are infinite means by which it can be accomplished. In its conception human ingenuity is limitless in its capabilities. It is therefore impossible to state any general rule by which particular frauds are to be identified. Classification is almost, if not quite, impossible. It may be perpetrated by willful misrepresentations made by one person to another, with a design to mislead and which do actually mislead another. It may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud." *Wood v. Cincinnati Safe & Lock Co.*, 96 Ga. 120, 123-24 (22 SE 909) (1895). "Concealment of material facts may amount to fraud . . . where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover [cit.]; and misrepresentation may be perpetrated by acts as well as words, and by artifices designed to mislead. [Cit.]" *Southern v. Floyd*, 89 Ga. App. 602 (2) (80 SE2d 490) (1954); *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (238 SE2d 442) (1977). There is no evidence of record which discloses, and Orkin does not contend, that the nature and extent of the service here contracted for was such that plaintiff by the exercise of ordinary prudence and caution could have discovered its alleged failure to treat the carport area of plaintiff's house. Rule 620-6-.02 (1) (b) of the Georgia Structural Pest Control Commission, by which Orkin's termite control activities are governed, now requires that a diagram of the structure to be treated be included in the written contract provided by Orkin to the property owner, plaintiff in this case. The diagram provided as a part of the contract in this case indicates a carport or garage area as a part of the structure to be treated.

"Concealment per se amounts to actual fraud when from any reason one party has a right to expect full communication of the facts from another. This is a well-settled principle recognized both by the civil and the moral law. *Poullain v. Poullain*, 76 Ga. 420, 447 [(4 SE 92) (1886)]." *Brinsfield v. Robbins*, 183 Ga. 258, 270 (188 SE 7) (1936). Cf. *Comerford v. Hurley*, 154 Ga. App. 387, 388 (268 SE2d 358) (1980). On the basis of the record in this case, we find that there is at least some evidence which shows that plaintiff had a right to expect full communication from Orkin as to the extent of its treatment of her house for termites and that such communication was not made. See, e.g., *Gillis v. Orkin Exterminating Co.*, 172 Ga. App. 507 (323 SE2d 695) (1984). See also *Mercer v. Woodard*, 166 Ga. App. 119 (3) (303 SE2d 475) (1983). Therefore, the trial court erred in granting Orkin's motion for summary judgment as to plaintiff's fraud claim. See generally *Ivey Contracting Co. v. Elliott*, 151 Ga. App. 361 (3) (259 SE2d 658) (1979).

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 7, 1985.

*Eugene F. Edge*, for appellant.
*Robert A. Moss, Richard P. Decker*, for appellee.