## 72072. CARTER et al. v. WILLOWRUN CONDOMINIUM ASSOCIATION, INC. et al.
### (345 SE2d 924)

Carley, Judge.

Plaintiff-appellants Mr. Carter and his son, as former renters of a condominium unit, brought suit against the following defendant-appellees: The condominium association; a former president of the association's board of directors; the association's attorney; the attorney's law firm; and the partners of the attorney's law firm. The suit developed out of a lengthy period of disharmony between appellants and the resident condominium owners. The conflict culminated in the mailing by appellee attorney, at the request of members of the board of directors of the condominium association, of a letter to appellants'

lessor. The letter informed the lessor of alleged misconduct on the part of appellants and requested that she take action to ensure that appellants did not cause further disruptions. It also reminded appellant's lessor of the association's right to evict any tenant who violated the association's regulations and expressed the hope that this remedy would not be necessary. After discovery, all appellees moved for and were granted summary judgment. Appellants appeal from the order granting summary judgment in favor of appellees.

1. The son claims only that appellees libeled him in the letter by repeating a false accusation that he had exposed himself to a nine-year-old girl. See *Kirkland v. Constitution Pub. Co.*, 38 Ga. App. 632 (2) (144 SE 821) (1928), aff'd 169 Ga. 264 (149 SE 869) (1929).

"The publication of the libelous matter is essential to recovery." OCGA § 51-5-1 (b). Before liability can be imposed, publication of defamatory information must be made to individuals "other than those who are privileged to communicate or receive the information. [Cit.]" *Monahan v. Sims*, 163 Ga. App. 354, 358 (294 SE2d 548) (1982). This exception to the rule that "publication" is accomplished by communication of libelous matter to anyone other than the person libeled has been applied in a number of situations involving communications between members of corporations, unincorporated groups, and associations. See generally *Monahan v. Sims*, supra; *Neal v. McCall*, 134 Ga. App. 680, 682 (4) (215 SE2d 537) (1975); *Walter v. Davidson*, 214 Ga. 187 (104 SE2d 113) (1958). In *Sigmon v. Womack*, 158 Ga. App. 47, 49 (279 SE2d 254) (1981) and *LuAllen v. Home Mission Bd.*, 125 Ga. App. 456, 459-460 (2) (188 SE2d 138) (1972), certain intra-corporate communications regarding the conduct of persons subject to the corporation's authority were held not to have been published. In the instant case, the allegedly defamatory matter was not published outside of the corporate structure of Willowrun Condominium Association, Inc. The letter in issue was written by an agent of the association, at the behest of the president of the association, and was mailed to a member of the association, the homeowner-lessor of the condominium occupied by appellants. According to the condominium declaration, the condominium association served as the lessor's "lawful, non-exclusive attorney-in-fact to enforce against the tenant/lessee all . . . violations of the condominium instruments or rules and regulations." If necessary, the association was empowered to evict tenants who failed to abide by the regulations, with costs of eviction proceedings to be borne by the lessor. Thus, the communication was made only to one who had reason to receive the information which concerned her rental property and income and her duties and responsibilities to the condominium association. There was no publication of the allegedly defamatory matter, and therefore no actionable libel.

2. In the brief before this court, Mr. Carter asserts at length that

he was libeled and slandered by appellees. No claims for relief based upon such causes of action were stated in the complaint. Accordingly, they will not be considered. See *Ramsey v. Ga. Gazette Pub. Co.*, 164 Ga. App. 693, 696 (3) (297 SE2d 94) (1982). Moreover, even if such claims had been made, they would be controlled by the rationale expressed in Division 1 of this opinion.

3. Mr. Carter contends that over a period of time preceding the filing of the instant action, appellees' behavior toward him was such as to constitute tortious misconduct. Based on the public duty owed by a business invitor, whether corporate or individual, to its invitees, the cause of action for "tortious misconduct" arises when a customer-invitee on the premises of the invitor for the purpose of transacting business is subjected to abusive, opprobrious, insulting, or slanderous language by an agent of the invitor. *Zayre of Atlanta v. Sharpton*, 110 Ga. App. 587, 588-590 (139 SE2d 339) (1964); *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200, 202 (2) (243 SE2d 565) (1978); *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 572 (284 SE2d 74) (1981); *Mansour v. Mobley*, 96 Ga. App. 812, 815 (1) (a) (101 SE2d 786) (1957). The concept of "tortious misconduct" thus denotes a limited exception to the applicability of the rule that a corporation may not be held liable for unauthorized, unratified slander by one of its agents. Mr. Carter was not, however, a business invitee of any of the appellees. Therefore, he could not have been the victim of their "tortious misconduct."

4. Mr. Carter further asserts that appellees' action in sending the letter to his lessor constituted an intentional interference with contractual relations. He contends that the letter set in motion a chain of events leading to the termination of his lease. However, Mr. Carter admitted that his lease had not been terminated by his lessor. He made the decision to leave because of perceived harassment from the board of directors and discomfort in his surroundings. By his own admission, Mr. Carter was not asked to leave by his lessor, he had never been told that his lease would not be renewed, and he had never specifically asked for a renewal. In order to recover for a third party's intentional interference with contractual relations, a plaintiff must show that damage to his rights or obligations under a contract proximately resulted from the third party's alleged interference. *First Mtg. Corp. v. Felker*, 158 Ga. App. 14, 16 (279 SE2d 451) (1981); *McDaniel v. Green*, 156 Ga. App. 549 (1) (275 SE2d 124) (1980). Under the undisputed evidence of record, Mr. Carter has suffered no such damage. Mr. Carter's rights and obligations as a lessee ended, not as the result of any successful interference with his contract and relationship with his lessor, but as the consequence of Mr. Carter's own determination that appellees' actions warranted the forfeiture of his continued occupancy of the condominium. The trial court did not err in granting

summary judgment as to this theory.

5. Mr. Carter contends that a question of fact remains as to whether, in sending the letter to his lessor, appellees intentionally inflicted emotional distress upon him. " 'In order to sustain a cause of action in this state for the tort of intentional infliction of emotional distress, a plaintiff must show that "defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." [Cits.]' [Cit.]" *Anderberg v. Ga. Elec. Membership Corp.*, 175 Ga. App. 14, 16 (3) (332 SE2d 326) (1985). The viability of such a cause of action is negated by the uncontroverted evidence of record. "Georgia decisions . . . require the plaintiff to show that the malefactor's act serving as the basis for the suit [for intentional infliction of emotional distress] must be directed towards the complainant." *Strickland v. Hodges*, 134 Ga. App. 909, 913 (216 SE2d 706) (1975). The only "act" attributed to appellees was that of sending a letter. The letter was about appellants but it was directed to their lessor. The legal remedy where one is allegedly injured by words published to a third person is an action for defamation. Mr. Carter is not entitled to recover under the theory that the act of sending a letter to his lessor was an intentional infliction of emotional distress upon him.

The uncontradicted evidence of record showing that appellants are not authorized to recover, the trial court did not err in granting summary judgment in favor of appellees. *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 30, 1986.

*Irwin M. Levine*, for appellants.
*David Bailey, Michael S. Huff, Reagan W. Dean, Albert G. Norman, Jr., Leslie A. Dent*, for appellees.