73456. JOSEPH v. BRAY et al.
(354 SE2d 878)

BEASLEY, Judge.

Defendant contractor Joseph built a home for the Brays based on a written contract incorporating specifications and plans which required that the roof be built with 2″ by 6″ beams on 16″ centers. In fact, the roof was built with 2″ by 4″ beams on 24″ centers. The Brays sued for breach of contract, fraud, and for attorney fees and punitive damages.

1. Joseph's sole enumeration of error is that the trial court erred by denying a directed verdict on the issues of fraud, punitive damages and attorney fees.

A review of the transcript reveals that the defendant's motion for directed verdict was made only on the issues of fraud and punitive damages. No motion having been made on the issue of attorney fees, awarded pursuant to OCGA § 13-6-11, this question will not be considered for the first time on appeal. *Wood v. Jones,* 175 Ga. App. 534, 536 (1) (334 SE2d 9) (1985).

2. We are left to consider whether the court's denial of defendant's motion on the issue of fraud and punitive damages was error. A directed verdict is demanded only when there is no conflict in the evidence as to any material issue and a particular verdict is demanded as a matter of law. OCGA § 9-11-50 (a); *Fountain v. MARTA,* 179 Ga. App. 318, 320 (1) (346 SE2d 363) (1986).

Joseph does not contend that punitive damages may not be awarded in a case where tortious conduct arising out of breach of contract is shown, but argues that the record here contains no evidence to support such damages. He does not contest the actual damages portion of the verdict.

A review of the portions of the trial transcript submitted on ap-

peal,[1] which consists only of the testimony of plaintiff Mr. Bray and the bank's representative who issued defendant his last draw, reveals evidence to support the following facts. The roof was not built according to specifications and was constructed during a time when neither plaintiff was on the premises. Defendant never advised plaintiffs that he had deviated from the specifications. When plaintiffs returned home the day the roof was built, the roof was covered and the beams were not open to view. The defect was discovered by Kimble, the bank representative, when he conducted his inspection prior to final payment to defendant. Kimble did not discuss this with defendant, because the draw for the work including the roof work had been paid pursuant to another bank official's approval and he believed the bank was protected because the loan was only for a portion of the value of the house. Prior to the final acceptance, Mr. Bray and defendant had a discussion concerning this deviation from the specifications, and defendant stated that he would stand behind the work. Corrective work was not accomplished.

Defendant's argument that these facts are not sufficient to raise a jury issue of fraud and punitive damages has been decided adversely to him on similar facts. In *Clark v. Aenchbacher*, 143 Ga. App. 282 (238 SE2d 442) (1977), an experienced builder constructed a home for a buyer who discovered after moving in and having signed a release that the house contained numerous latent defects, including improper footings, improperly constructed chimney, no ties in an exterior wall, and others. There, too, the builder admitted the defects but claimed no fraud. This court quoted and applied *W. H. Mulherin Constr. Co. v. Betterton*, 135 Ga. App. 223 (217 SE2d 454) (1975), which stated: "there was testimony as to latent defects in the construction of the dwelling; that the builder was more experienced than the plaintiff as to the construction of buildings; and that defendant had been requested to correct the defects and had failed and refused to do so. Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. Code § 37-706 [OCGA § 23-2-57]. There was evidence in this case sufficient to support the verdict." *Clark*, supra at 284. See also *Woodall v. Orkin Exterminating Co.*, 175 Ga. App. 83, 84 (332 SE2d 173) (1985). In the present case, there is evidence of additional facts, those being the statement by Joseph when the defect was discovered that "he would stand behind" the house and would make the necessary repairs, which he did not do. The jury could reasonably infer that he had no intention to adequately correct the defect and that the Brays relied on the representation in accepting the house.

---

[1] See OCGA § 5-6-42.

There was thus evidence from which the jury could find fraud and from which it could award punitive damages, which are authorized when fraud is established. OCGA § 51-12-5; *Champion v. Martin*, 124 Ga. App. 275 (2) (183 SE2d 571) (1971). The denial of the defendant's motion for directed verdict was not error.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 12, 1987.

*Billy N. Jones*, for appellant.
*B. Daniel Dubberly, Jr.*, for appellees.