A90A0650, A90A0651. KIEFFER et al. v. LINTON; and vice versa.
(396 SE2d 13)

McMURRAY, Presiding Judge.

Plaintiff Linton purchased a house from defendant Kieffer on or about July 28, 1985. Defendant Arrow Exterminators, Inc. ("Arrow") furnished defendant Kieffer with a "clearance letter" which was given to plaintiff in connection with this purchase and sale. The clearance letter stated that defendant Arrow had performed an inspection of the house and found no active termite infestation. In May of 1987, plaintiff discovered termites in the house and this action followed.

At trial, plaintiff proceeded against defendant Arrow on a theory of negligent inspection and against defendant Kieffer on a theory of fraud. The jury returned a verdict in favor of plaintiff and against the defendants jointly in the amount of $36,000, and also awarded punitive damages against each of the defendants separately in the amount of one dollar each. Additionally, the jury awarded attorney fees and costs of litigation against defendant Kieffer in the amount of $15,000. In Case No. A90A0650 defendants appeal from the judgment entered against them, while in the cross-appeal, Case No. A90A0651, plaintiff appeals from the amount of punitive damages. *Held*:

1. Defendants' first two enumerations of error complain of the denial of their motions for directed verdict at the conclusion of the plaintiff's evidence. The plaintiff's evidence shows that shortly prior to the inspection of the house by defendant Arrow, a partial inspection of the house was conducted by Richards. Richards did not complete his inspection of the house because upon looking underneath the crawl spaces of the house he found evidence of subterranean termites, mud tubes and tunnels along the floor joist and coming from the ground up to the beams, and evidence of powder post beetles, straps from the exit holes on the floor joist and beams. Based on these findings Richards did not complete the inspection, but informed defendant Kieffer that he would not issue a clearance letter.

Defendants contend that plaintiff failed to prove that defendant Arrow was negligent since plaintiff did not present any evidence concerning what was done or not done during the inspection performed by defendant Arrow's employee. *Smith v. Morico*, 166 Ga. App. 737, 738 (305 SE2d 465), is cited for the proposition that negligence is not to be presumed and that in the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. However, lack of direct evidence is not lack of affirmative proof since such may be established by circumstantial evidence. Plaintiff presented evidence demonstrating that an inspection of the house, conducted with reasonable care by defendant Arrow's employee, would have discovered the infestation. That it did not is ample circumstantial evidence of the negligence of defendant Arrow's employee.

Defendants also contend that plaintiff failed to produce any evidence of defendant Kieffer's alleged fraud since plaintiff did not testify as to any statements made by defendant Kieffer with regard to the presence or absence of termites or termite damage. However, a misrepresentation may be perpetrated by acts as well as words and even silence may in some instances amount to fraud. " 'Concealment of material facts may amount to fraud . . . where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover. (Cit.) . . .' [Cits.]" *Woodall v. Orkin Exterminating Co.*, 175 Ga. App. 83, 84 (332 SE2d 173). There is ample evidence authorizing the jury in this case to find that defendant Kieffer knowingly utilized an inaccurate termite clearance letter to accomplish the sale of the house. Whether viewed as a positive act or a concealment, such is a misrepresentation which when considered together with the proof of the remaining elements of fraud will support a verdict in a fraud action.

2. Defendants contend that the trial court erred in denying their motion for directed verdict since plaintiff failed to present any evidence relevant to the proper measure of damages. "The appropriate

measure of the repair costs plaintiff is entitled to recover is that which would have been incurred had the repairs been undertaken upon the discovery of the damage . . . not the cost of repairs as incurred [at a later date.]" *Getz Svcs. v. Perloe,* 173 Ga. App. 532, 535 (3), 536 (327 SE2d 761). Therefore, in the main appeal, plaintiff is entitled to the repair cost which would have been incurred in June 1987. Plaintiff's evidence as to repair cost consists of an assessment of the damage and estimate of cost to repair which were completed some 18 months or more after the time of the discovery of the infestation by plaintiff. Defendant contends that this evidence should not have been admitted, that there was no evidence presented as to the damage in 1987, and that the jury was permitted to speculate as to damages.

It is clear that under the holding in *Getz Svcs. v. Perloe,* 173 Ga. App. 532, 535 (3), 536, supra, that the cost of repairs which would have been incurred had repairs been accomplished at the time the damage was discovered may be established by appropriate adjustment to damage and repair estimates developed at a later date. In the main appeal, there is some evidence that would contribute to an appropriate adjustment to the 1989 damage and repair estimates. This includes evidence that due to drought conditions the termites had not been active during the interval between the discovery of the infestation by plaintiff and the preparation of the damage and cost estimates, and that the cost of construction materials had not changed. However, there was no similar evidence as to the amount of any change in construction labor cost. Thus, plaintiff failed to provide the jury with sufficient data to enable calculation without speculation of the amount of repair cost at the time the damage was discovered. It follows that the verdict and judgment must be set aside.

"Although plaintiff did not prove the amount of special damages with the requisite degree of specificity, she did show that she was damaged in some (albeit unspecified) amount. Accordingly, we will exercise our discretion to meet the ends of justice and order that a new trial be had. OCGA § 9-11-50 (e). See *Roland v. Byrd,* 163 Ga. App. 408, 411 (294 SE2d 626)." *Horne's Pest Control Co. v. Elliott,* 190 Ga. App. 351, 353 (378 SE2d 734). Consequently, a new trial is necessary in this case (the main appeal).

3. In view of our holding in Division 2, the remaining enumerations of error, including the sole enumeration of error raised in the cross-appeal, are moot.

*Judgment reversed in Case No. A90A0650. Appeal dismissed in Case No. A90A0651. Carley, C. J., and Sognier, J., concur.*

Decided June 21, 1990 —
Rehearing denied July 12, 1990.

*Churchill & Ferguson, Glenn A. Delk, Anthony Thomasson, Lynwood D. Jordan, Jr.,* for appellants.
*Lipscomb, Johnson & Ashway, R. Timothy Hamil,* for appellee.