### A99A1247. YOO v. PARKER et al.
(526 SE2d 85)

PHIPPS, Judge.

Bok Nam Yoo, as administrator of the estate of her deceased husband, brought this action against John Parker and Anglo-American Group Limited for domestication of a California judgment obtained by Yoo against Parker and Anglo-American. Two major questions are presented for decision. The first is whether the California judgment should be denied recognition on the ground that the out-of-state court lacked personal jurisdiction over these defendants. If so, an issue arises as to whether the claim that was the subject of the California proceeding may now be asserted in this suit. We answer both questions in the affirmative, which leads to an affirmance in part and reversal in part of the judgment appealed.

Yoo's husband was a domiciliary of California at the time of his death. Parker is a Georgia resident who owns Anglo-American Group Limited, a Colorado company. In her capacity as administrator, Yoo filed a petition in the Los Angeles County Superior Court for conveyance of personal property allegedly belonging to her husband's estate but in the possession of the defendants. Although the petition is not in the record, it is undisputed that the personal property referred to

---

[10] *Keaton v. State*, 169 Ga. App. 527, 529 (3) (313 SE2d 721) (1984), rev'd on other grounds, 253 Ga. 70 (316 SE2d 452) (1984).

in it consisted of $210,000 Yoo's husband was allegedly induced to have parted with as a result of fraudulent representations by the defendants.

The defendants were served by mail with notice of a June 27, 1997 hearing on the petition. By its express terms, the notice authorized but did not require the defendants to answer the petition and appear at the hearing. Parker responded to the petition by letter on Anglo-American stationery. In the letter, Parker denied that he had used documents with which he had been served to induce Yoo's husband to part with the money which she sought to recover. Parker stated that he could be of no help in the matter. The hearing was not held until August 7, 1997. No one appeared for the defendants. Following the hearing, the California court entered the judgment sought to be domesticated. It orders the defendants to repay the administrator the $210,000 together with earnings.

The defendants moved for summary judgment in this action, arguing insufficient minimum contacts with the State of California to subject either defendant to suit there. Yoo then amended her complaint, asking that the claim which was the subject of the California proceeding be tried in this suit if the California judgment were denied recognition and enforcement. In the amended pleading, Yoo alleged that the defendants' fraudulent solicitations induced her husband to transfer $210,000 into an account which Parker then appropriated to his own use. Supporting documents include a letter by Parker informing prospective investors of an opportunity to invest in a program offering astronomically high short-term returns with little apparent risk and follow-up letters confirming that Yoo's husband had invested in the program by transferring funds into an account maintained by the defendants. The trial court granted the defendants' motion for summary judgment in a non-explanatory order.

1. Yoo contends that the trial court erred in refusing to domesticate the foreign judgment she obtained in California.

She maintains that the defendants cannot now collaterally attack the California judgment based on lack of personal jurisdiction because they entered an appearance in the California proceeding through the letter sent by Parker.

> A collateral attack upon a petition to domesticate a foreign judgment, made on grounds that it was based on a lack of personal jurisdiction, is precluded in this state only if the defendant has appeared in the foreign court and has thus had an opportunity to litigate the issue. [Cit.][1]

---

[1] *Van Buskirk v. Great American Bank &c.*, 175 Ga. App. 101, 102 (332 SE2d 394) (1985); see also OCGA § 9-12-115 (a) (2) (setting forth essentially the same rule as that

Where the foreign judgment is subject to collateral attack, the person seeking to domesticate it bears the burden of negating the defense of lack of personal jurisdiction if the judgment was obtained by default.[2]

Literally, a party appears in court when either the party himself or his attorney is physically present.[3] In legal contemplation, a person enters an appearance when he becomes involved in the proceeding as a party to the suit and thereby submits himself to the court's jurisdiction.[4] An answer to a complaint is an appearance.[5] But an "answer" is a pleading filed in response to a summons.[6] Under both the Georgia Civil Practice Act[7] and the California Code of Civil Procedure,[8] a summons directs the defendant to appear and file defensive pleadings with the clerk of the court and notifies the defendant that, in case of failure to do so, judgment by default will be rendered against him.

The notice of the California probate court hearing did not contain either of these directives or inform the defendants that a default judgment could be entered against them. Consequently, Parker's letter response to the notice did not constitute an "answer" to the petition through which the defendants submitted themselves to the jurisdiction of the California court. And even if it had, the hearing was held on a different date from that specified in the notice. Thus the judgment was rendered by default.

Consequently, defendants may attack the California judgment for lack of personal jurisdiction, and Yoo bears the burden of negating this defense. The record shows no contact between either defendant and the State of California.[9] All that has been shown is that decedent was a domiciliary of that state when he died. Therefore, Yoo has not carried her burden, and the trial court did not err in granting defendants' motion for summary judgment on the original complaint.

2. Yoo contends that the court erred in granting summary judgment to defendants on her amended complaint.

The defendants maintain that the amended complaint was untimely, that it could not raise issues litigated in the California

---

applied in *Van Buskirk*, but inapplicable to judgments rendered in sister states as provided in OCGA § 9-12-111).

[2] See *E. Howard St. Clair & Assoc. v. Northwest Carpets*, 237 Ga. App. 537, 538 (515 SE2d 660) (1999).

[3] Black's Law Dictionary (4th ed. 1951), p. 125.

[4] Id.; see *Van Buskirk*, supra; *Borg-Warner Health Products v. May*, 154 Ga. App. 482, 483 (1) (268 SE2d 770) (1980) and cits.

[5] See n. 4, supra.

[6] OCGA § 9-11-12 (a).

[7] OCGA § 9-11-4 (b).

[8] West's Ann. Cal. Code of Civil Proc. § 412.20 (a) (3), (4).

[9] See generally *Ramsey Winch Co. v. Trust Co. Bank*, 153 Ga. App. 500, 501 (3) (265 SE2d 848) (1980).

action, and that it failed to set forth a triable claim for fraud.

"Parties may set forth inconsistent claims and theories and may freely amend their complaint prior to entry of a pretrial order. [Cits.]"[10] Yoo's amendment to her complaint in response to the defendants' motion for summary judgment was not therefore untimely.[11] Relitigation of the issues adjudicated in the California proceeding would be barred by the doctrine of res judicata if the California court had "competent jurisdiction" to decide those issues.[12] Because the record in the present case does not show that the California court had such jurisdiction, the issues may be litigated in this suit.

Since fraud is inherently subtle, slight circumstances of it may be sufficient to prove its existence.[13] Here, Parker attested that he is, in fact, the owner of Anglo-American. Parker admitted in his affidavit that Yoo's husband had contacted him by telephone "regarding investment advice." According to Parker's own testimony, "[i]n 1996, Mr. Yoo wired funds into my Nationsbank account here in Georgia. I then transferred funds on behalf of Mr. Yoo into an Anstaldt Mr. Yoo had set up in Switzerland." Since the record contains Parker's admission that he had custody and control over Mr. Yoo's funds before the money supposedly disappeared into the Swiss banking system, and in light of Parker's letter to Mr. Yoo of September 28, 1996, in which Parker confirms the existence of Yoo's "letter of intent and [our] phone conversation" and Parker's reference to "[o]ur high yield program . . . for knowledgeable sophisticated investors," the record contains evidence that may raise an inference of fraud and which necessitates jury resolution of this issue.[14]

Consequently, the defendants were not entitled to summary judgment on Yoo's amended complaint.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 22, 1999.

---

[10] *Southern v. Sphere-Drake Ins. Co.*, 226 Ga. App. 450, 451 (486 SE2d 674) (1997).
[11] Compare *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974) (party cannot amend complaint after appellate reversal of trial court's denial of adverse party's motion for summary judgment).
[12] See OCGA § 9-12-40.
[13] *McNeil v. Cowart*, 186 Ga. App. 411, 412 (1) (367 SE2d 291) (1988).
[14] See *Joseph v. Bray*, 182 Ga. App. 131, 132 (2) (354 SE2d 878) (1987).

*Don M. Jones, James B. Drew, Jr.*, for appellant.
*Michael S. Welsh*, for appellees.