IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Briefs October 14, 2003

## RUSSELL A. SIEGFRIED v. THE GRAND KREWE OF SPHINX, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-00-0307-3    D. J. Alissandratos, Chancellor**

---

**No. W2002-02246-COA-R3-CV - Filed December 2, 2003**

---

This case involves an appeal from the trial court's grant of defendants' motion for summary judgment. The trial court dismissed the plaintiff's complaint for failing to meet the publication element required for a prima facie claim of defamation/libel. We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Louis R. Lucas, Memphis, Tennessee, for the appellant, Russell A. Siegfried.

B. J. Wade and C. Michael Becker, Memphis, Tennessee, for the appellees, The Grand Krewe of Sphinx, Donald M. Keith, Gary Bilderback, Nancy Bilderback, Eric Bogenschneider, Lois Bogenschneider, Tom Broderich, Travis Burlison, Dianne Burlison, Virginia Byrd, Barney Byrum, Jim Crow, Shirley Crow, Martha Cruz, Larry Dagan, Leanna Dagan, Timothy Decent, Kathleen Decent, Bobby Deshields, Mary Deshields, Judy Finley, Mack Fulwood, Richard Gallaher, Teresa Gallaher, Ron Storm Hendren, Barbara Keith, Henry Littleton, Jr., Jeanne Littleton, Bob Lowry, Paul Mattila, Margaret Mattila, Jere Orman, Ronald Ray, Dianne Ray, Robert Richey, Linda Richey, Annelle Roachell, Allen Roberts, Darleen M. Russ, Bob Smith, Barbara Smith, Tammy Turner and Beth Vaughn.

## OPINION

Plaintiff/Appellant, Russell A. Siegfried (Siegfried), was a member of a not-for-profit social organization, the Grand Krewe of Sphinx (Krewe). The Krewe is incorporated and has its own by-laws to govern the conduct and activities of the organization. Siegfried has been a member of the Krewe for fifteen years and has held various offices including chairman and treasurer of the organization.

At one particular general membership meeting of the Krewe, Siegfried began challenging actions of the Krewe and criticized a certain Krewe member. In response, Donald Keith (Keith), the Krewe's chairman, charged Siegfried with violations of the Krewe's by-laws. As required under the by-laws, Keith sent a letter to Siegfried and all the Krewe's voting members notifying them of a special hearing and the charges alleged against Siegfried. This letter accused Siegfried of causing false reports to be filed with Tennessee's Secretary of State, acting as an unauthorized executive officer, conduct unbecoming a gentleman, and a pattern of deliberately misleading the Krewe's general membership and officers. Following the letter's distribution, the Krewe convened and voted to terminate Siegfried's membership.

Siegfried filed a complaint against the defendants/appellees, the Krewe, its officers, and certain members, requesting a preliminary and permanent injunction against the defendants. The complaint alleged that the Krewe was liable for defamation and libel to Siegfried's personal and professional reputation entitling Siegfried to an award of punitive and compensatory damages. Following the Krewe's answer and discovery, the Krewe filed a motion for summary judgment. The basis of the Krewe's motion was that the undisputed facts contained in plaintiff's complaint could not establish the essential element of publication required to make out a defamation/libel case. The Krewe relied upon Tennessee case law holding that no publication occurs when the complained communication is between employees or agents within a business. The trial court granted the Krewe's motion for summary judgment.

## Issue Presented

Siegfried appeals and presents this Court with the issue of whether the trial court erred by applying the exception standard used for internal corporate communication cases to a voluntary social organization in determining the issue of libel and slander publication.

## Standard of Review

This Court must decide whether it was error for the trial court to award summary judgment to the Krewe. Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues regarding material facts and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). Mere assertions that the non-moving party has no evidence does not suffice to entitle the moving party to summary judgment. *McCarley*, 960 S.W.2d at 588. The moving party must either conclusively demonstrate an affirmative defense or affirmatively negate an element which is essential to the non-moving party's claim. *Id.* If the moving party can demonstrate that the non-moving party will not be able to carry its burden of proof at trial on an essential element, summary judgment is appropriate. *Id.*

This Court reviews an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534

(Tenn. 2002). In determining whether to award summary judgment, we must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in favor of the non-moving party. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. *Id.* If there is any doubt about whether a genuine issue of material fact exists, summary judgment should not be awarded. *McCarley*, 960 S.W.2d at 588.

### Defamation/Libel

To successfully prosecute a defamation case, a Tennessee plaintiff must prove that: "(1) a party *published* a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999) (citing *Press, Inc. v. Verran*, 569 S.W.2d 435, 442 (Tenn. 1978); Restatement (Second) of Torts § 580B (1997)) (emphasis added). As such, "publication is an essential element of a libel action without which a complaint must be dismissed." *Woods v. Helmi, M.D.A.*, 758 S.W.2d 219, 222-23 (Tenn. Ct. App. 1988) (citing *Applewhite v. Memphis State Univ.*, 495 S.W.2d 190 (Tenn. 1973); *Freeman v. Dayton Scale Co.*, 19 S.W.2d 255 (Tenn. 1929)). Without publication, the court will not address the issues of malice, privilege, falsity, or other related questions. *Id.* at 223.

In this case, the trial judge granted the Krewe's motion for summary judgment after considering both the undisputed facts that the Krewe attached with its motion and Siegfried's response to the Krewe's statement of undisputed facts. The record establishes that the alleged libelous letter was distributed only to the voting members of the incorporated but not-for-profit Krewe organization and Siegfried. The record presents no controversy as to the material facts of this case. The only issue to be resolved by this Court is whether Tennessee's defamation law concerning publication in for profit corporations applies to not-for-profit incorporated organizations.

It is well settled that no publication occurs when only intra-corporate communications exist as evidenced by the Tennessee Supreme Court stating "it is announced that communication between officers and agents of a corporation . . . is not publication of libelous matter." *Freeman v. Dayton Scale Co.*, 19 S.W.2d 255, 257 (Tenn. 1929) (citing 36 C.J. *Libel* § 174 (1924)). The rationale behind such a rule is that publication requires "the communication of a defamatory matter to a third person" and "communication among agents of the same corporation . . . are not to be considered as statements communicated or publicized to third persons." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 572 (Tenn. 1999) (citing *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994)); *Woods v. Helmi, M.D.A.*, 758 S.W.2d 219, 223 (Tenn. Ct. App. 1988).

Siegfried contends that the intra-corporate communication rule does not apply to not-for-profit organizations. As a result, Siegfried argues that the Krewe's status as such excuses the rule's application in this case. Siegfried fails to cite any case law drawing this distinction. Similarly, this Court has found no Tennessee case law on point but has discovered another jurisdiction's application of the intra-corporate communication rule to a not-for-profit association. In *Carter v. Willowrun Condo. Ass'n, Inc.*, 345 S.E.2d 924 (Ga. Ct. App. 1986), the Georgia Court of Appeals stated that no publication occurs in "situations involving communications between members of corporations, unincorporated groups, and associations." *Carter*, 345 S.E.2d at 925 (citations omitted). In *Carter*, the communication at issue was a letter sent from a representative of a condominium association to the plaintiff's landlord. *Id.* The court determined that the letter never left the corporate structure of the condominium association because the only persons in receipt of the letter had a responsibility to the association to do so. *Id.* at 925-26. As a result, the court held that there was no publication. *Id.* at 926.

In this case, the reasoning underlying both *Carter* and Tennessee's intra-corporation rule militate against making the for profit corporation and not-for profit incorporated organization distinction urged upon this Court by Siegfried. First, the letter outlining the charges against Siegfried was only sent to the voting members of the Krewe, as it was their responsibility to receive and review the charges pursuant to the by-laws of the organization. Second, the letter never left the corporate structure of the Krewe, and, therefore, no communication ever occurred to a third party. Accordingly, Siegfried failed to demonstrate publication of the alleged libelous statements and no actionable libel can result. The Krewe raises the additional issue of whether Siegfried waived issue for a review based on lack of citation to the record. In view of this Court's decision, this issue is pretermitted.

## Conclusion

In light of the foregoing, we affirm the trial court's grant of the Krewe's motion for summary judgment. Costs of this appeal are taxed to the appellant, Russell A. Siegfried, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-4-